# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ELLER AND COMPANY INC,

    Plaintiff,

v.                                              CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE, et. al.,

    Defendants.

_____/

## ORDER ON PENDING MOTIONS

In this action plaintiff Eller and Company, Inc. ("Eller") seeks relief against defendants Louie L. Wainwright, Jr. and Anne W. Hvide. Upon consideration of pending motions,

IT IS ORDERED:

1. Mr. Wainwright's motion (document 154) to compel production by Eller of documents requested in Mr. Wainwright's first request for production is GRANTED IN PART and DENIED IN PART, as follows:

  A. General objections 1 through 7 are overruled in their entireties.[1]

  B. The motion is granted with respect to paragraph 4 (but only to the extent of corporate minutes, resolutions, shareholder registers, or share certificates sufficient to disclose the identity of directors, officers, and shareholders of Eller for all or any part of the period from January 1, 2000, to present); paragraph 5; paragraphs 6 and 7 (by consent, with these paragraphs construed as set forth in Eller's memorandum in response to the motion to compel); paragraph 8 (by consent); paragraphs 9a-h and 9j;[2] all documents described in paragraph 9i that relate to travel or personal expenses; paragraphs 10a-h and 10j; all documents described in paragraph 10i that relate to travel or personal expenses; paragraphs 11a-h and 11j; all

---

[1] By producing documents, a party of course does not concede that the documents are relevant or admissible, thus rendering general objections 1 and 2 unfounded (and unnecessary). Eller failed to provide a timely privilege log and thus waived all privileges asserted in general objection 2. That documents may be available from another source does not relieve a party of its obligation to produce them in response to a proper request, thus rendering general objection 4 unfounded. General objection 5 asserts undue burden but fails to do so with the required particularity. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). General objections 6 and 7 are even more vague and fail to allege with the required particularity any well founded basis for objection.

[2] Eller has consented to produce these documents except to the extent the request extends to "each entity for which each individual is or was a trustee, beneficiary, principal, partner, [etc.]." For purposes of this order compelling production, this language (as used in this and other paragraphs as to which Eller has made the same objection) is construed to mean "each entity for which, *as Eller knew*, the individual was or had been" a trustee, etc.

documents described in paragraph 11i that relate to travel or personal expenses; paragraphs 12a-h and 12j; all documents described in paragraph 12i that relate to travel or personal expenses; 13-15 (by consent); paragraphs 16, 17, and 18; paragraph 19 (by consent); paragraphs 21, 22, and 23. Except to the extent already produced in this litigation, Eller shall produce all such documents to Mr. Wainwright's attorneys for inspection and copying by May 12, 2005, either as they are kept in the ordinary course of business or in response to specific paragraphs of the request.

    C.  The motion is denied with respect to paragraphs 20 and 24.

    D.  Attorney's fees in connection with this motion will be assessed separately.

2. Mr. Wainwright's motion (document 179) for leave to file a reply in support of his motion (document 154) to compel production by Eller of documents requested in Mr. Wainwright's first request for production is GRANTED. [3]

3. Ms. Hvide's motion (document 159) for a protective order precluding the

---

[3] As set forth in paragraph 1 above, Mr. Wainwright has prevailed with respect to all issues on which he requested leave to file a reply, except for paragraph 20 (and perhaps very minor issues with respect to paragraphs 9 through 12).  Any reply filed by Mr. Wainwright with respect to those portions of the motion will be treated as a motion for reconsideration and also will be considered prior to any assessment of attorney's fees.  Issuance of this order has not been further delayed, however, pending the filing of any reply; the court's attention to unrelated matters already has delayed this order more than would have been desirable.

*Case No: 4:04cv367-RH/WCS*

deposition of her attorney Curtis Alva is GRANTED. The subpoena for the deposition is quashed. This does not, however, obviate the obligation of Ms. Hvide and Mr. Alva to produce to Eller for inspection and copying the *originals* of all documents described in paragraph 4 of the order of March 10, 2005 (document 147). Mr. Alva shall file an affidavit by May 12, 2005, explicitly confirming his compliance with that order. No attorney's fees are assessed in connection with this motion.[4]

    4. Ms. Hvide's motion (document 170) for sanctions against non-party witnesses Cherry Strickland and Ed Duggar for failing to appear for deposition on March 25, 2005, is DENIED. Attorney's fees are assessed in favor of each witness against Ms. Hvide's attorney Curtis Alva in the amount of $750 for a combined total of $1,500.[5]

    5. Ms. Hvide's motion (document 171), as amended (document 198), to

---

[4] I find that, in light of the possible discrepancies in the documents produced by Ms. Hvide in response to the March 10 order, Eller's attempt to conduct the deposition of Mr. Alva was substantially justified.

[5] I find that Ms. Hvide's position was not substantially justified and that the fault was attributable to counsel, not to Ms. Hvide herself. The court did not order these witnesses to appear on that date. So far as reflected in the record, Ms. Hvide never served deposition notices or subpoenas for these witnesses for this date, never deemed earlier notices or subpoenas amended to require attendance on this date, never expressed or confirmed in writing any intention to depose these witnesses on this date, and never made an unequivocal oral statement that she intended to depose these witnesses on this date until late on the prior afternoon.

compel production of documents in response to her third request for production is GRANTED IN PART and DENIED IN PART. Eller's general objections are overruled in their entirety. The motion is granted with respect to paragraph 1 and those documents described in paragraph 2 that were sent or received by Ms. Hvide that specifically relate to the claims in this lawsuit. Except to the extent already produced in this litigation, Eller shall produce all such documents to Mr. Wainwright's attorneys for inspection and copying by May 12, 2005, either as they are kept in the ordinary course of business or in response to specific paragraphs of the request. Attorney's fees are assessed in favor of Ms. Hvide against Eller's attorney Eleanor T. Barnett in the amount of $400.[6]

---

[6] This amount is assessed solely based on Eller's assertion of its general objections. A greater amount, based on the specific objections, has not been assessed, because Ms. Hvide provided Eller insufficient time to consult with respect to those objections prior to the filing of the motion to compel, and in due course Eller agreed to withdraw all such objections that were not substantially justified (as well as some that were). An award of attorney's fees with respect to the motion to the extent directed to the specific objections thus would be unjust. The general objections, however, should never have been asserted in the first place, and the brief time Ms. Hvide provided Eller should have been sufficient for Eller to withdraw those objections. Ms. Hvide had every right and reason to move to compel in the face of such objections. Moreover, producing documents "subject to" objections is an unjustified practice; it would allow an unscrupulous attorney to produce some documents, withhold others without meaningful notice to the adversary, and assert later (if caught withholding documents) that they were withheld based on the objections. No suggestion is made in this order that that is what occurred here, or that these attorneys would engage in such a practice. But if nothing is withheld, what is the point of asserting the objection? This is a practice that has spread within the bar but should stop. Finally, that Eller withdrew the general objections, after Ms. Hvide moved to compel, does not preclude an award

6. Ms. Hvide's motion (document 172), as amended (document 199), to compel production of documents in response to her second request for production is GRANTED IN PART and DENIED IN PART, as follows:

    A. General objections 1 through 7 are overruled in their entireties.[7]

    B. The motion is granted with respect to paragraph 5; paragraphs 6 and 7 (by consent, with these paragraphs construed as set forth in Eller's memorandum in response to the motion to compel); paragraph 8 (by consent); paragraphs 9a-h and 9j;[8] all documents described in paragraph 9i that relate to travel or personal expenses; paragraphs 10a-h and 10j; all documents described in paragraph 10i that relate to travel or personal expenses; paragraphs 11a-h and 11j; all documents described in paragraph 11i that relate to travel or personal expenses; paragraphs 12a-h and 12j; all documents described in paragraph 12i that relate to travel or personal

---

of attorney's fees; such an award is proper against a party whose conduct, without substantial justification, "necessitated the motion," whether the motion is "granted" or the requested discovery "is provided after the motion was filed." Fed. R. Civ. P. 37(a)(4)(A).

[7] *See supra* note 1.

[8] Eller has consented to produce these documents except to the extent the request extends to "each entity for which each individual is or was a trustee, beneficiary, principal, partner, [etc.]." For purposes of this order compelling production, this language (as used in this and other paragraphs as to which Eller has made the same objection) is construed to mean "each entity for which, *as Eller knew*, the individual was or had been" a trustee, etc.

expenses; 13-15 (by consent); paragraphs 16, 17, and 18; paragraph 19 (by consent); paragraphs 21, 22, and 23.  Except to the extent already produced in this litigation, Eller shall produce all such documents to Mr. Wainwright's attorneys for inspection and copying by May 11, 2005, either as they are kept in the ordinary course of business or in response to specific paragraphs of the request.

      C.  The motion is denied with respect to paragraphs 20 and 24.

      D.  Attorney's fees in connection with this motion will be assessed separately.

7. Ms. Hvide's motion (document 177) to compel answers to her third interrogatories and for a finding of contempt is DENIED AS MOOT.  No attorney's fees are assessed in connection with this motion.[9]

---

[9] Eller should have filed timely answers to the interrogatories.  But the expedited deadline for those responses—to which the parties had agreed—was adopted by court order only two days before the deadline.  Eller's motion for an extension was denied only because the parties had agreed to the earlier deadline, not only for these interrogatories but for certain discovery propounded by Eller; it seemed unfair to extend the expedited deadline for one side only.  Still, Eller answered the interrogatories soon after entry of the order denying the extension, and before the answers would have been due in the ordinary course.  More fundamentally, by asking for a finding of contempt, Ms. Hvide's motion substantially overreaches; Eller had an obligation under the rules to answer the interrogatories by the expedited deadline established by court order, but there was no direct order to answer the interrogatories at all, by that deadline or any other.  A failure to make discovery in accordance with the rules may be appropriately sanctioned but does not constitute contempt of court, absent a court order compelling the discovery.  Under these circumstances, I find that an award of

8.  Eller's motion (document 178) for a 10-day extension of the deadline for moving to strike Ms. Hvide's affirmative defenses is GRANTED.  Eller's motion to strike as filed on April 8, 2005 (document 195) is deemed timely.

9.  Ms. Hvide's motion (document 180) to extend the discovery deadline for discovery with respect to her third-party complaint against Raymond B. Vickers is DENIED without prejudice to renewal after service upon Mr. Vickers and a conference between attorneys for Ms. Hvide and Mr. Vickers regarding (a) whether the third-party complaint should be severed for separate trial and (b) the appropriate schedule for preparation and (if severed) trial of the third-party complaint.  The attorneys shall participate in such a conference within 20 days after service of the third-party complaint.  Upon the filing of a request by Ms. Hvide or Mr. Vickers, the clerk shall set a scheduling conference by telephone for the earliest available date.  Any such request shall specifically reference this paragraph of this order.

10.  Ms. Hvide's motion (document 188) to shorten the deadline for responses to her motion (document 180) to extend the discovery deadline for discovery with respect to her third-party complaint against Raymond B. Vickers is DENIED as moot.

11.  Eller's motion (document 185) to dismiss Mr. Wainwright's

---

attorney's fees in Ms. Hvide's favor would be unjust.

counterclaim is DENIED.[10]

12. Mr. Wainwright's motion (document 220) to strike Eller's motion (document 190) to strike Mr. Wainwright's affirmative defenses, and for an extension of the deadline for responding to that motion, is DENIED.[11]

13. Eller's motion (document 190) to strike Mr. Wainwright's affirmative defenses is GRANTED IN PART and DENIED IN PART. Affirmative defenses number 1 through 3, 5 through 11, 13, 15 through 18, and 20 are struck.[12] The

---

[10] A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint. *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The same standard of course applies to counterclaims. Eller's motion to dismiss essentially takes issue with Mr. Wainwright's view of the facts. Thus Eller says it made no false statements, and that any statements it did make were privileged. But if, as Mr. Wainwright alleges, Eller knowingly made false statements for the very purpose of harming Mr. Wainwright, rather than for any legitimate purpose, the privilege will not apply. Resolving such factual disagreements is the stuff of summary judgment motions or trials, not motions to dismiss.

[11] Mr. Wainwright asserts Eller failed to confer prior to filing the motion as required by Local Rule 7.1. That apparently is correct. But Mr. Wainwright has given not a hint that he would have yielded, or that he even would have considered doing so. In sum, Eller should have conferred, and Mr. Wainwright should have filed a timely response to the motion to strike. In order to avoid further waste of attorney and judicial resources, I have addressed the motion to strike affirmative defenses on its merits. Mr. Wainwright may seek reconsideration of this order if he indeed has grounds for asserting I overlooked a point he could have made in response to the motion—but he ought not do so unless he indeed has such grounds.

[12] Defenses 1 through 3, 6 through 11, 13, and 15 through 17 assert, in essence, that Eller knowingly consented to the payments at issue. If that is true,

*Case No: 4:04cv367-RH/WCS*

motion is denied with respect to the remaining affirmative defenses.[13]

---

defendants will prevail in this litigation, because Eller will be unable to prove that it was defrauded, or to prove other essential elements of its claims. These "defenses" add nothing. Defense 5, seeking indemnification, is not a defense at all; if Mr. Wainwright seeks recovery from a third-party, he of course must do so by an appropriate third-party claim against that party. Defense 18 asserts Eller's losses were caused by others, but if that means Mr. Wainwright's conduct *did not* cause the losses, he of course will not be liable, while if Mr. Wainwright's conduct *did* cause the losses, it apparently would be no defense that the conduct of others also contributed. (Defense 18 apparently does not attempt to allege an intervening cause or related defense, nor does there appear to be any basis for such an assertion; but if there is, this will be handled through appropriate jury instructions on causation, as part of Eller's affirmative duty to prove causation.) Defense 20 asserts Mr. Wainwright believed all payments at issue were lawful and appropriate; this is essentially a denial of an essential element of Eller's claims, not an affirmative defense.

[13] A motion to strike of this type may appropriately be used to test the legal sufficiency of an asserted defense but of course cannot be used as a vehicle for resolving factual disputes. The applicable standard mirrors that applicable to motions to dismiss for failure to state a claim; a motion to strike a defense as legally insufficient ought not be granted unless it appears to a certainty that defendant would be unable to prevail under any set of facts that could be proved n support of the defense. Defenses 4, 12, and 25 assert ratification. An entity that is initially defrauded into making payments, but later ratifies the payments with full knowledge of the facts, is, at least at that point, not defrauded. Defense 14 asserts Eller's claims were settled; if so, and if as part of the settlement the claims were released, this would indeed constitute a defense. Defense 19 asserts unclean hands. Although, as Eller notes, there is authority inconsistent with recognition of an unclean hands defense in actions under the Racketeer Influenced and Corrupt Organizations Act, I cannot say that unclean hands could never provide a defense to any of the types of claims asserted in Eller's complaint; the defense thus will not be struck. Defense 21 asserts failure to mitigate damages, a recognized defense. Defenses 22 through 24 assert this action has been brought in Eller's name without its consent; if true, this would provide a defense. Defense 26 (statute of limitations established by private agreement) ought not be struck but might well not survive summary judgment when the terms of the agreement can properly be considered. Defense 27 (setoff) is a legal defense that might succeed with an appropriate

*Case No: 4:04cv367-RH/WCS*

14. Ms. Hvide's motion (document 191) for reconsideration of portions of the order compelling discovery entered March 25, 2005 (document 168) is GRANTED IN PART. The portion of the order awarding attorney's fees against Ms. Hvide's attorney Christian Petersen is withdrawn; no fees are awarded against Mr. Petersen.[14] The motion for reconsideration is denied in all other respects.[15]

---

factual showing. Defenses 28 (failure to state a claim) and 29 (venue) are defenses that were rejected when presented by motion to dismiss but presumably have been included in the answer to avoid any assertion they have been waived; their inclusion in the answer does no harm.

[14] As is now undisputed, Mr. Petersen did not participate in the discovery motions at issue. Fees were awarded against Mr. Petersen because his name was included on the signature block of the discovery papers, but the inclusion of his name on those papers was carried over from earlier filings in error.

[15] Ms. Hvide notes in her motion for reconsideration that one of the witnesses at issue, Cherry Strickland, provided incomplete information at deposition regarding her income from Eller and Raymond B. Vickers, and that Eller's attorney (who also represents Ms. Strickland) made improper speaking objections that may have contributed to Ms. Strickland's failure to provide more information at that time. And Ms. Hvide notes that, in preliminary consideration of this issue at an earlier hearing, I did not rule out an order compelling production of tax returns if Ms. Hvide was unable to obtain such information by other means. Even so, it appears unlikely that Ms. Strickland's tax returns (or those of her bookkeeping firm) would separately disclose the amount of income she received from Eller or Mr. Vickers (or, for that matter, other specific sources), and in any event, the March 25 order compelling discovery required Ms. Strickland to provide bank records that appeared more likely to provide the information at issue. It remains true that Ms. Hvide has not shown that she needs the tax returns or that the returns are likely to provide the information at issue. As for the amount of fees, the assessment was $400 per successful party per production request. This was done intentionally. It is indeed true that, under this approach, each witness was awarded $400 for opposing Ms. Hvide's unfounded request for tax returns; each witness had to make his or her own objection and to litigate his or her own motion, with a

15. Ms. Hvide shall file by May 10, 2005, either (a) a notice that she withdraws her motion (document 193) and amended motion (document 225) for sanctions against Raymond B. Vickers for failure to produce documents as ordered, or (b) a reply memorandum in support of the motions setting forth her grounds for asserting Mr. Vickers has failed to produce all such documents within his possession, custody, or control. If Ms. Hvide files a reply memorandum, Mr. Vickers shall file by May 17, 2005, an affidavit stating with specificity whether he has produced all such documents within his possession, custody, or control. The clerk of the court shall refer such filings to the court without delay.

16. Ms. Hvide's motion (document 194) to extend the time limit for Mr. Vickers' deposition is DENIED.[16]

17. Eller's motion (document 195) to strike Ms. Hvide's affirmative defenses is GRANTED IN PART and DENIED IN PART. Affirmative defenses

---

reasonable fee award for doing so placed at $400, even though there were undoubtedly efficiencies from employing the same attorneys. For her part, Ms. Hvide was awarded $400 per successful production request, without trebling for the fact that each request (and the resulting motion) was directed to three witnesses.

[16] Ms. Hvide has not shown good cause for extending the time limit. It is true, as she notes, that Mr. Vickers gave at least some rambling, non-responsive answers. But it also is true, as set forth in Eller's response to the motion, that Ms. Hvide's attorney wasted time asking questions having no potential to assist in preparation for trial, such as whether Mr. Vickers stared at Ms. Hvide during her deposition. A party that is not diligent during the initial seven hours ought not ordinarily be afforded more time.

number 1 through 22, 24 through 43, and 45 through 50 are struck.[17] The motion is denied with respect to the remaining affirmative defenses.[18]

---

[17] Defenses 1 through 7, 9 through 11, 14, 16 through 19, 24 through 26, 31 through 33, and 50 assert, in essence, that Eller knowingly consented (either explicitly or implicitly) to the payments at issue. If that is true, defendants will prevail in this litigation, because Eller will be unable to prove that it was defrauded, or to prove other essential elements of its claims. Defenses 12 and 13, seeking indemnification or contribution, are not defenses at all; if Ms. Hvide seeks recovery from a third-party, she of course must do so by an appropriate third-party claim against that party. Defenses 15 and 42 assert Eller's losses were caused by Eller itself or third parties, but if that means Ms. Hvide's conduct *did not* cause the losses, she of course will not be liable, while if Ms. Hvide's conduct *did* cause the losses, it apparently would be no defense that the conduct of others also contributed. (These defenses apparently do not attempt to allege an intervening cause or related defense, nor does there appear to be any basis for such an assertion; but if there is, this will be handled through appropriate jury instructions on causation, as part of Eller's affirmative duty to prove causation.) Defenses 20 through 22, 27 through 30, and 34 through 37 assert other improper payments or misconduct by Eller but do not explain how any such improper payment or misconduct, even if it occurred, would affect Eller's ability to recover on the claims at issue in the case at bar; if the theory is that the improper payments or misconduct show that Eller consented to payments of the type at issue, and thus implicitly (at least) to the payments to these defendants, this again is not an affirmative defense but merely a denial. Defenses 38 through 41, 43, and 45 through 49 assert, in essence, that Ms. Hvide acted without fraudulent intent, but, as Eller has conceded, these contentions all are simply denials, not affirmative defenses.

[18] Defense 8 asserts ratification, a legal defense. Defense 23 asserts waiver. A party of course may waive (or release) claims of this type; if Eller did so, it will be unable to prevail. Defense 44 asserts unclean hands. Although, as Eller notes, there is authority inconsistent with recognition of an unclean hands defense in actions under the Racketeer Influenced and Corrupt Organizations Act, I cannot say that unclean hands could never provide a defense to any of the types of claims asserted in Eller's complaint; the defense thus will not be struck. Defenses 51 through 53 assert this action has been brought in Eller's name without its valid consent; if true, this would provide a defense. Defense 54 (setoff) is a legal

18. Eller's consented motion (document 222) for a one-day extension of the deadline for responding to Ms. Hvide's motion (document 193) for sanctions against Raymond B. Vickers for failure to produce documents as ordered is GRANTED.  Eller's response to that motion as filed is deemed timely.

19. Eller's consented motion (document 223) for a one-day extension of the deadline for responding to Ms. Hvide's motion to extend the time limit for Mr. Vickers' deposition (document 194) is GRANTED.  Eller's response to that motion as filed is deemed timely.

20. Ms. Hvide's motion (document 228) for a protective order with respect to the subpoena served by Eller on American Express Company is DENIED.  Ms. Hvide's objections to production of documents described in the subpoena are overruled.[19]

21. Ms. Hvide's motion (document 229) to supplement her response (document 219) to Eller's motion (document 195) to strike Ms. Hvide's affirmative defenses is DENIED AS MOOT.

---

defense that might succeed with an appropriate factual showing.

[19] The requested documents relate to Ms. Hvide's American Express account.  Those documents may be relevant in various respects.  Thus, for example, Ms. Hvide has asserted a right to set-off against any amounts fraudulently taken from Eller amounts she would have been entitled to receive for living expenses from a trust.  Her American Express account records presumably reflect living expenses.

22. Eller's motion (document 230) to strike the errata sheet prepared by Mr. Wainwright to his deposition, or for additional time to conduct Mr. Wainwright's deposition, is DENIED.[20]

23. The parties' joint motion (document 231) to extend the deadlines for summary judgment responses is GRANTED. The deadline for Mr. Wainwright to respond to Eller's motion is extended to May 4, 2005. The deadline for Eller to respond to defendants' motion is extended to May 5, 2005.

24. Eller's motion (document 234) for leave to file a memorandum of excessive length in response to defendants' motion for summary judgment is GRANTED. Each party is granted leave to file memoranda of up to 40 pages in response to the pending motion for summary judgment against that party.[21]

25. Eller's notice of withdrawal of attorney Eleanor Barnett (document 218) is treated as a motion for leave to withdraw and is GRANTED, effective

---

[20] Although there is contrary authority, the better view is that a deponent may correct his testimony in any respect—including to correct errors in transcription and to make substantive changes. Thus if, for example, a deponent realizes, after the deposition, that his testimony was incorrect, his obligation is to correct the testimony, not, as Eller apparently contends, to sign the deposition while remaining silent. The suggestion that this gives the deponent a free pass is obviously incorrect. He may be impeached at trial with the testimony as originally given, or with the testimony as given in the errata sheet, or both.

[21] Because of the need for an immediate ruling, this order has been entered without awaiting a response by defendants. Defendants may file an emergency motion for reconsideration, in which event the matter will be reconsidered *de novo*. This order will remain in effect unless and until reconsidered on such a motion.

immediately.

      SO ORDERED this 3d day of May, 2005.

s/Robert L. Hinkle<br>
Chief United States District Judge
