**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


ELLER AND COMPANY, INC.,

       Plaintiff,

v.                                                                    CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE et. al.,

       Defendants.

_____/


## INITIAL CONFIDENTIAL ORDER — GRANT THORNTON


      The non-party independent public accounting firm Grant Thornton LLP has

been served a subpoena duces tecum in this litigation that, in substance, calls for

production of Grant Thornton workpapers.  Grant Thornton has agreed to produce

the documents subject to a confidentiality agreement and order restricting their

further disclosure.  Grant Thornton objects to broader dissemination on the ground

that the workpapers show Grant Thornton's audit procedures, which it says are a

trade secret.  Defendants have entered a confidentiality agreement with Grant

Thornton and have consented to entry of an appropriate protective order.  Plaintiff

has not joined the confidentiality agreement and opposes entry of such an order.

Plaintiff has not, however, filed a memorandum in response to Grant Thornton's

pending motion for a protective order.  The deadline for plaintiff to file its response

has not expired.

In order to avoid delay in the parties' preparation for trial, this order is

entered at this time.  The more extensive protective order requested by Grant

Thornton and defendants (see documents 264 and 275) will be entered unless, in

plaintiff's response, plaintiff provides a reason why that should not be done.

Under the instant order, defendants' attorneys (who have already received

documents from Grant Thornton under their confidentiality agreement) will be able

to produce the documents to plaintiff's attorneys if and only if plaintiff's attorneys

sign an agreement to treat them in accordance with this order.  In the absence of

such agreement, defendants' attorneys will have no obligation to disclose the

documents, even if they are on defendants' exhibit list.  To that extent, defendants'

disclosure obligations will be modified.

Trial of this action will of course be public.  In this circuit, court records

may be sealed only on an extraordinary showing.  The Eleventh Circuit has

articulated the standard as "exceptional circumstances" or a "compelling

governmental interest."  *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013,

1015-16 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571

(11th Cir. 1985).  Exhibits ordinarily do not, however, become part of the court

file, and they typically are returned when the litigation ends. Moreover, any

portion of the Grant Thornton workpapers that has significant probative value in

this litigation probably will not include the information Grant Thornton believes to

be a trade secret (that is, information showing at any significant level of detail

Grant Thornton's audit processes). It thus seems almost certain that Grant

Thornton's interest in maintaining its trade secrets can be accommodated by

appropriate redaction, without the need for sealing of court records. And if, for

some reason, that is not so, then, to that extent, "exceptional circumstances" would

probably be found to exist, thus supporting sealing. Without hearing any grounds

for objection by plaintiff or considering more specific information regarding the

nature of the Grant Thornton records, further guidance cannot be provided, but

Grant Thornton and the parties should be able to continue with the document

production and pretrial process based on this order, without further delay. If that is

not so, Grant Thornton or any party may seek an immediate hearing by telephone.

For these reasons,

IT IS ORDERED:

1.     Unless and until otherwise ordered, documents (and information

therein) disclosed by Grant Thornton LLP in response to subpoenas issued in this

litigation shall be used by counsel receiving the documents (whether directly from

Grant Thornton LLP or indirectly from Grant Thornton LLP through other counsel

in this litigation) only in connection with this litigation and shall not be disclosed

to anyone other than counsel of record, persons in their law firms assisting in this

litigation, and expert witnesses or potential expert witnesses who have a reasonable

need for the documents or information in connection with their role in this lawsuit.

Any person to whom the documents (or information therein) are disclosed pursuant

to this paragraph shall read and sign an acknowledgment of having read this order

prior to receipt of such documents (or information), which written

acknowledgment shall be maintained by counsel providing the documents (or

information) to such person.  Except as authorized by this paragraph or further

order of the court, no one shall use or disclose the documents (or information

therein) produced pursuant to this paragraph.  This paragraph does not restrict the

use or disclosure of the documents (or information therein) by Grant Thornton LLP

or anyone who obtains the documents or information other than as a direct or

indirect result of production made pursuant to subpoenas issued in this litigation.

> 2.     A party's obligation to disclose documents or information to an

opposing party is modified as follows:  the deadline for disclosing documents (and

information therein) disclosed by Grant Thornton LLP in response to subpoenas

issued in this litigation is stayed for so long as the receiving party refuses to sign

an acknowledgment in accordance with paragraph 1 above.

> 3.     In the event Grant Thornton LLP or any party believes that pretrial

preparation may not go forward under this order without delay or otherwise seeks a further immediate ruling with respect to the Grant Thornton documents, Grant Thornton LLP or any party may file an emergency motion (which need only identify the issue briefly) and contact the courtroom deputy clerk for the scheduling of an immediate hearing by telephone, citing this paragraph.

      4.     Grant Thornton LLP's motion (document 264) and supplemental motion (document 275) for a protective order will be heard at the pretrial conference if not resolved prior to that time.  Plaintiff may file a memorandum in response to the motions prior to that time and will in any event be heard at that time.  Grant Thornton LLP may participate in the appropriate portion of the pretrial conference by telephone (and is responsible for making arrangements with the courtroom deputy clerk for doing so).

      SO ORDERED this 26th day of May 2005.

                                  s/Robert L. Hinkle
                                  Chief United States District Judge