IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELLER AND COMPANY INC,

    Plaintiff,

v.                                                    CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE, et. al.,

    Defendants.

_____/

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

    This is an action by a corporation against its former president and a beneficiary of a trust that owned shares in the corporation.  The corporation asserts that the president and beneficiary conspired to defraud the company.  The corporation asserts that the president and beneficiary carried out their scheme primarily in three ways:  by having bonuses paid to the president based on false representations that the board of directors had approved them; by claiming reimbursements for sometimes lavish personal travel expenses and purchases based on false representations that they were incurred for business reasons; and by having salary paid to the beneficiary's son as an employee of the corporation based

on the false representation that he was working when in fact he was not.  The corporation seeks to recover under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 (count 1), under the state counterpart of that act, Florida Statutes §895.03 (count 2), and on state common law theories of fraud (count 3) and breach of fiduciary duty (count 4).

Each side has filed a motion for summary judgment, although the corporation's seeks summary judgment only against the president.  Each summary judgment motion is based primarily on the moving party's own view of the facts.  Thus, for example, the corporation says the president knew the payments were unauthorized and plainly committed fraud, while the president and beneficiary say the corporation (through the person who controlled the majority of shares and served as general counsel, as well as through others) knew the facts and authorized all the expenditures at issue.  But deciding which witnesses are telling the truth and which are not, at least when, as here, they tell diametrically conflicting stories, is not the stuff of summary judgments.  No purpose would be served by describing the motions and governing law in greater detail; it is sufficient that, after detailed review of the motions and the evidentiary materials in this record, it is clear that summary judgment should be denied.

Accordingly,

IT IS ORDERED:

*Case No: 4:04cv367-RH/WCS*

Plaintiff's motion for summary judgment (document 202) and defendants' motion for summary judgment (document 208) are DENIED.

SO ORDERED this 27th day of May, 2005.

s/Robert L. Hinkle<br>
Chief United States District Judge