# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ELLER AND COMPANY, INC.,

    Plaintiff,

v.                                      CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE et. al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR DESTRUCTION OF EVIDENCE

    Plaintiff Eller and Company, Inc. asserts that, after defendant Louie L. Wainwright, Jr. knew he would be sued for the acts at issue in this litigation, he destroyed evidence by having computer data destroyed or rendered unretrievable. Eller accuses the other defendant, Anne W. Hvide, of complicity in the destruction. Mr. Wainwright acknowledges having work done on the computer at issue; he says he did so to deal with viruses. Mr. Wainwright says he did not destroy evidence, intentionally or otherwise.

    Eller has moved for entry of a default judgment or alternatively for an instruction requiring the jury to draw an adverse inference based on the destruction. I deny the motion.

Possible sanctions for destruction or "spoliation" of evidence, in decreasing order of severity, include (1) entry of judgment against the party who destroyed the evidence,[1] (2) exclusion of related evidence proffered by the party who destroyed the evidence,[2] and (3) drawing an adverse inference against the party who destroyed the evidence.[3]  *See, e.g., Toste v. Lewis Controls, Inc.*, 1996 WL 101189 (N.D. Cal. 1996) (articulating these three available sanctions for spoliation).

In this circuit, an adverse inference may not be drawn "unless the circumstances surrounding the [evidence's] absence indicate bad faith, e.g., that [the party] tampered with the evidence." *Bashir v. Amtrak*, 119 F.3d 929 (11th Cir. 1997).[4]  If, as *Bashir* holds, an adverse inference may be drawn only on a showing of bad faith, then it necessarily follows that the greater sanctions of exclusion of contrary evidence or entry of judgment also require, at least, a showing of bad

---

[1] *See, e.g., Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-07 (7th Cir. 1995).

[2] *See, e.g., Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

[3] *See, e.g., Bashir v. Amtrak*, 119 F. 3d 929 (11th Cir. 1997); *Glover v. BIC Corp.*, 6 F. 3d 1318, 1329 (9th Cir. 1993).

[4] *Bashir* apparently held this standard applicable not only to a claim arising under federal law but also to a state law claim; the issue was whether a train had been traveling in excess of 80 miles per hour as required for the plaintiff to be able to pursue a state law claim.  Eller apparently makes no claim here that Florida law applies or requires a different result than applicable federal law.

faith.

The facts of the case at bar, as demonstrated on this record, are insufficient to support a ruling as a matter of law that defendants are guilty of bad faith destruction of evidence. It appears likely that the evidence presented at trial will be sufficient to allow a jury to conclude there was bad faith, but the court cannot do so as a matter of law, at least based on the record compiled to this point.[5]

For these reasons,

IT IS ORDERED:

Plaintiff's motion for sanctions for defendants' destruction of evidence (document 256) is DENIED.

s/Robert L. Hinkle  
Chief United States District Judge

---

[5] For the parties' information, I have in the past, when warranted by the evidence, given a jury instruction providing:

> When evidence has been lost or destroyed, you may consider whether the loss or destruction resulted from a bad faith effort to deny an adverse party access to that evidence. If you find that any loss or destruction did result from a bad faith effort to deny an adverse party access to the evidence, you may, if you choose, draw an inference that the missing evidence would have been favorable to that adverse party. Mere negligence or carelessness without more, however, does not constitute bad faith, and you may not draw such an inference based merely on any negligent or careless loss or destruction of evidence.

*Case No: 4:04cv367-RH*