# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ELLER AND COMPANY, INC.,

      Plaintiff,

v.                                  CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE et. al.,

      Defendants.

_____/

## ORDER SETTING PROCEDURES ON MOTION TO ENFORCE

Defendant Anne W. Hvide has filed a motion (document 334) to compel enforcement of the settlement agreement by which this action was resolved. Ms. Hvide's assertion is that plaintiff Eller and Company, Inc. has failed to make payments and deliver documents in the form required by the settlement agreement. Eller has responded (document 337) and has requested oral argument (document 338).

As both sides apparently agree, the settlement agreement contemplated execution of additional documents and included a clause requiring arbitration "in the event the parties are unable to finalize a settlement agreement or agree upon the terms of the other documents contemplated herein." (Document 337, ex. A, at 2

¶11.)  In her motion to enforce and supporting memorandum, Ms. Hvide apparently asserts the current dispute should be arbitrated, but she also apparently addresses the merits of the dispute.  In its response, Eller asserts that arbitration should not be compelled because Ms. Hvide has not sufficiently articulated her position or responded to Eller's attempts to negotiate; Eller thus says the parties have not been "unable" to finalize an agreement or agree upon the terms of the documents at issue.  Eller apparently stops short, however, of asserting that any dispute should be resolved by the court rather than by arbitration.  Instead, Eller's position apparently is that the dispute should not be resolved at all, at least at this time.

So that this matter may be appropriately resolved,

IT IS ORDERED:

1.  By September 27, 2005, defendant Anne W. Hvide shall file a notice clearly setting forth her position on whether the pending dispute should be resolved on the merits by the court or submitted to arbitration.  If Ms. Hvide asserts that part of the dispute should be resolved by the court and part submitted to arbitration, she shall clearly identify the relevant parts.  The notice should be succinct and to the point and should include no argument.  One sentence may suffice.

2.  By October 4, 2005, plaintiff Eller and Company, Inc. shall file a notice clearly setting forth its position on whether the pending dispute should be resolved

on the merits by the court or submitted to arbitration (when and if resolution of the dispute is deemed ripe).  Eller may reiterate its position that resolution of the dispute is premature but shall in any event comply with this order by setting forth a clear statement of its position regarding the tribunal in which the dispute should be resolved if and when determined to be ripe.  The notice should be succinct and to the point and should include no argument.  One sentence may suffice.

      3. A ruling on the motion to enforce may be entered at any time without a hearing.  By separate notice, the clerk shall set a hearing by telephone for the first available date on or after October 12, 2005.  If a ruling is entered prior to that date, the hearing will be canceled.  If the hearing is not canceled, (a) argument on all procedural and substantive aspects of the motion will be heard, (b) documentary evidence included in this record as of the date of this order will be considered, (c) no further evidence will be taken, and (d) the need for an evidentiary hearing will be addressed.

      SO ORDERED this 21st day of September, 2005.

                                      <u>s/Robert L. Hinkle          </u>
                                      Chief United States District Judge