# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ELLER AND COMPANY INC,

    Plaintiff,

v.                                    CASE NO. 4:04cv367-RH/WCS

ANNE W. HVIDE et. al.,

    Defendants.

_____/

## ORDER COMPELLING ARBITRATION AND
## REQUIRING PLAINTIFF TO SHOW CAUSE

      The parties entered a settlement agreement in this action shortly before trial. On August 10, 2005, I explicitly ordered the parties to abide by the settlement agreement, and I retained jurisdiction to enforce the order. Among other things, the settlement agreement contemplated the preparation and execution of further documents and required plaintiff Eller and Company, Inc. ("Eller") to make specified payments to defendant Anne W. Hvide. The settlement agreement included a clause requiring arbitration "in the event the parties are unable to . . . agree upon the terms of the other documents contemplated herein." (Document 337, ex. A, at 2 ¶11.) Any arbitration was to take place before Mark Manceri, an

attorney who was known to the attorneys for both sides and indeed had served as mediator in this very case.

Ms. Hvide has filed an original and supplemental motion to enforce the order requiring the parties to abide by the settlement agreement. The original motion seeks both to compel arbitration regarding the terms of the contemplated documents and to compel Eller to make past-due payments. The supplement motion seeks to compel Eller to effect the release of a bank lien as required by the settlement agreement. This order compels arbitration and directs Eller to show cause why it should not be held in contempt if any required payment is not performed forthwith. This order denies the supplemental motion based on Eller's assertion that the bank lien at issue now has been released.

The terms of the settlement agreement, including the arbitration clause, are undisputed. Eller nonetheless opposes arbitration on two grounds. First, Eller asserts the parties have not yet been "unable to agree" on the terms of the documents, because Ms. Hvide has not made a good faith effort to negotiate and reach agreement. The assertion is plainly unfounded; the parties have indeed been unable to agree, not only on the substance of the documents but even on how the dispute should be resolved. On any reasonable reading of the settlement agreement, the parties were to arbitrate in precisely the circumstances that now have arisen.

Second, Eller asserts Mr. Manceri is biased because he served on a prior occasion as an expert witness for a party represented by an attorney in the same firm as Ms. Hvide's current attorneys and will favor Ms. Hvide in the case at bar in the hope of attracting further work from the firm. The entire premise seems somewhat askew; some might think that if Mr. Manceri indeed wanted to attract future work, he would be a good, honest, well prepared, and competent arbitrator, thus earning the respect of the attorneys and parties on both sides. Moreover, Mr. Manceri also has worked in the past for an attorney now representing Eller; the conclusion that Mr. Manceri has a motive to favor only Ms. Hvide, and not also Eller, has not been adequately explained. In any event, I need not decide at this time whether, on the facts disclosed by this record or any further facts Eller might adduce if given a further opportunity, Mr. Manceri should be disqualified. It is clear, at the least, that Eller has not made the substantial showing required to support a pre-arbitration order by a court disqualifying an arbitrator on the ground of bias. *See, e.g., Gulf Guaranty Life Ins. Co. v. Connecticut General Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (rejecting pre-arbitration assertion of arbitrator bias and stating "it is well established that prior to issuance of an award, a court may not make inquiry into an arbitrator's capacity to serve based on a challenge that a given arbitrator is biased"; noting exception only for bias that implicates validity of agreement to arbitrate itself); *Aviall, Inc. v. Ryder System, Inc.*, 110 F.3d 892 (2d

Cir. 1997) (rejecting pre-arbitration assertion of bias); *Brandon v. MedPartners, Inc.*, 203 F.R.D. 677 (S.D. Fla. 2001) (same); *Austin South I, Ltd. v. Barton-Malow Co.*, 799 F. Supp. 1135 (M.D. Fla. 1992) (noting, in addressing issue of bias in post-arbitration challenge to award, that pre-arbitration challenge had been rejected as premature).

In sum, these parties agreed to arbitrate disputes regarding the terms of the documents at issue—precisely the kind of dispute that now has arisen—and to do so before Mr. Manceri, who was well known to both sides. The parties will be compelled to arbitrate precisely as they agreed to do. Mr. Manceri apparently has made full disclosure of any relationship with any of the parties or attorneys, will have an opportunity prior to any arbitration to make any further disclosure he deems appropriate, and may address the issue of bias as he sees fit. When an award is made, it will be subject to enforcement or review in accordance with the Federal Arbitration Act, including, to the extent allowed by governing law, on the ground of bias. This order expresses no view on whether Mr. Manceri should or should not make further disclosures or disqualify himself, nor on whether any award that may be made should or should not be enforced.

For these reasons,

IT IS ORDERED:

1. Defendant Anne W. Hvide's motion (document 334) to compel plaintiff

Eller and Company, Inc. to comply with the parties' settlement agreement is GRANTED IN PART.

2.  The parties shall participate forthwith in arbitration before Mark Manceri (or, in the event Mr. Manceri disqualifies himself, before a substitute arbitrator) with respect to the terms of documents to be executed pursuant to the settlement agreement in this action.

3.  Plaintiff Eller and Company, Inc. shall file a statement by January 18, 2006, of the status of payments due under the settlement agreement and, if any payment is due under the terms of the agreement and has not been paid, shall show cause by that date why it should not be held in contempt.

4.  Defendant Anne W. Hvide is hereby determined, in accordance with Local Rule 54.1, to be entitled to an award of attorney's fees in connection with the original motion to compel, for time spent on the motion through December 31, 2005.  Further proceedings to determine the amount of fees to be awarded will go forward in accordance with Local Rule 54.1(E).  Any claim for fees incurred after December 31, 2005, must be submitted by a separate motion for a determination of entitlement.

5.  Defendant Anne W. Hvide's supplemental motion (document 361) to compel plaintiff Eller and Company, Inc. to comply with the parties' settlement agreement is DENIED.

*Case No: 4:04cv367-RH/WCS*

6.  The motion of plaintiff Eller and Company, Inc. to disqualify Mark Manceri as arbitrator (documents 349 and 359) is DENIED.

7.  The motion of plaintiff Eller and Company, Inc. for leave for its attorney to appear in person for a hearing on these matters (document 347) is DENIED.

SO ORDERED this 4th day of January, 2006.

s/Robert L. Hinkle
Chief United States District Judge
